# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER T. LAIRD, #K99985 | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-00716-SMY |
| vs. | ) ) |
| SETH ELLIOTT, JONATHAN PFLAUM, JUSTIN BLOOMER, MUNICIPALITY OF OLNEY, ILLINOIS, BLAKE PEAVLER, KEVIN MCCORMICK, ROBERT SAKOWICZ, JOHN DOE JIM LANE, MUNICIPALITY OF RICHLAND COUNTY, ILLINOIS, AARON SHAW, and CHARLES BRADLEY VAUGHN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**Joan H. Lefkow, U.S. District Judge:**[1]

Plaintiff Christopher T. Laird, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to an arrest, detention, and prosecution on a criminal charge in Illinois state court. He seeks monetary damages and injunctive relief.

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 252 of the United States District Court for the Southern District of Illinois.

This case is now before the court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Laird alleges the following in his Complaint: On May 7, 2018, a report was made that Laird violated an order of protection. (Doc. 1, p. 20). When Officers Elliott and Pflaum responded to the call, Laird was not present. (*Id.*, pp. 20, 21). Officers Elliot, Pflaum, Sakowicz, Peavler, and Bloomer searched the area, but did not find Laird. (*Id.*, p. 22). Later that day, Officers Elliot, Pflaum, Peavler, and McCormick attempted to locate Laird at his last known address. (*Id.*, pp. 23, 24). When they encountered him, Officers Pflaum and Peavler pointed tasers at Laird while Officer Elliott handcuffed him. (*Id.*, pp. 24, 25). As Laird was being transported to a police vehicle, he made eye contact with Officer McCormick. (*Id.*, p. 25).

The arrest and ensuing criminal charge and parole revocation were made without probable cause. (*Id.*, p. 26). At the time he was arrested, Laird's clothing did not match the description given by the individual who reported the violation of the order of protection. (*Id.*). Additionally, the alleged violation of the order of protection was reported to have occurred at a residence other than the residence listed on the order. (*Id.*).

After being charged with violating an order of protection, Laird received a parole violation report written by Parole Agent Shaw. (*Id.*) In the report, Shaw falsely stated that Laird had failed to complete substance abuse and anger management treatment. (*Id.*) Laird had completed the treatment and verification had been sent to Parole Agent Hedgpeth. (*Id.*) Further,

Shaw's report of the arrest for violation of an order of protection was misleading because it failed to mention the facts illustrating a lack of probable cause. (*Id.*)

Following the arrest, Laird was detained in the Richland County jail. (*Id.*, p. 10). Laird's right to a speedy trial was violated by the State's Attorneys and his Public Defender. (*Id.*, p. 28). After a parole revocation, he was incarcerated in the Illinois Department of Corrections. (*Id.*, pp. 27, 68-70). On October 26, 2018, the criminal charge for the violation of an order of protection was dismissed. (*Id.*, pp. 28, 67).

Based on the allegations in the Complaint, the court finds it convenient to divide this action into the following Counts:

> Count 1: Fourth Amendment claim against Elliot, Pflaum, Peavler, Bloomer, Sakowicz, and McCormick for arresting and detaining Laird on a violation of an order of protection without probable cause.
>
> Count 2: Fifth and/or Fourteenth Amendment claim against Elliot, Pflaum, Peavler, Bloomer, Sakowicz, and McCormick for arresting and detaining Laird on a violation of an order of protection without probable cause.
>
> Count 3: Eighth Amendment claim against Elliot, Pflaum, Peavler, Bloomer, Sakowicz, and McCormick for arresting and detaining Laird on a violation of an order of protection without probable cause.
>
> Count 4: Malicious prosecution claim against Elliot, Pflaum, Peavler, Bloomer, Sakowicz, and McCormick for arresting and detaining Laird on a violation of an order of protection without probable cause.
>
> Count 5: Claim against the Municipality of Olney, Illinois for the misconduct of its employees Elliot, Pflaum, and Bloomer for arresting and detaining Laird without probable cause.
>
> Count 6: Claim against the Municipality of Richland County, Illinois for the misconduct of its employees Peavler, McCormick, and Sakowicz for arresting and detaining Laird without probable cause and its employees Doe, Vaughn, and Lane related to the prosecution of the

criminal charge of violation of an order of protection.

Count 7: Fourth, Fifth, Sixth, and Fourteenth Amendment claims against Doe and Vaughn for charging Laird with a violation of an order of protection without probable cause and violating Laird's right to a speedy trial.

Count 8: Sixth Amendment claim against Lane for failing to provide adequate and effective assistance of counsel.

Count 9: Fourteenth Amendment claim against Shaw for filing a parole violation report that contained falsehoods and misleading statements which was relied on by the Prisoner Review Board to revoke Laird's parole.

The parties and the court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pleaded under *Twombly*.[2]**

## Preliminary Dismissal

Laird references actions by the Richard County Circuit Clerk, Zachary Holder (Doc. 1, p. 29), but he is not identified as a defendant in the case caption. The Court will not treat an individual not listed in the caption as a defendant and, therefore, any claim against Holder is dismissed without prejudice. *Myles* v. *United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

### Count 1

Laird alleges his Fourth Amendment rights were violated because he was arrested and

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).

detained without probable cause.  A claim for unlawful arrest and detention without probable cause may be brought as an unlawful pretrial detention in violation of the Fourth Amendment. *Lewis* v. *City of Chicago*, 914 F.3d 472, 475 (7th Cir. 2019).  The constitutional objection is to the wrongful custody because there is a right not to be held in custody without probable cause. *Manuel* v. *Joliet ("Manuel I")*, ⎯⎯ U.S. ⎯⎯, 137 S.Ct. 911, 917–20 (2017).  The allegations that Elliot, Pflaum, and Peavler were directly involved in the arrest and detention of Laird, and that they made the arrest knowing it was without probable cause, are sufficient to state a claim for unlawful pretrial detention at the screening stage.  The allegations that Bloomer, Sakowicz, and McCormick participated in the investigation that led to the arrest and detention by searching for Laird, and that McCormick witnessed Laird's arrest, do not state a colorable claim.  To be liable for a false arrest, a defendant must have been personally involved in the wrongful arrest either by making the arrest himself or by causing it to happen by filing a false report or criminal complaint. *Acevedo* v. *Canterbury*, 457 F.3d 721, 723 (7th Cir. 2006).  Accordingly, Count 1 will proceed against Elliot, Pflaum, and Peavler and will be dismissed as to Bloomer, Sakowicz, and McCormick.

### Count 2

Laird claims that the unlawful arrest and detention also violated his Fifth and/or Fourteenth Amendment due process rights.  Following *Manuel I*, a section 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment.  *Lewis*, 914 F.3d at 478.  Accordingly, the due process claim in Count 2 will be dismissed.

### Count 3

Laird contends the unlawful detention constituted cruel and unusual punishment in violation of the Eighth Amendment.  As a pretrial detainee, the Eighth Amendment does not

apply to Laird, but he has equivalent rights under the Fourteenth Amendment due process clause. *Smentek* v. *Dart*, 683 F.3d 373, 374 (7th Cir. 2012). To the extent his claim is based solely on the alleged unlawful detention, as previously stated, that claim rests exclusively on the Fourth Amendment. *Lewis*, 914 F.3d at 478. Otherwise, to support a cruel and unusual punishment claim, Laird must show that he was incarcerated under conditions that posed a substantial risk of serious harm, and that the defendants were deliberately indifferent to that risk. *Grieveson* v. *Anderson*, 538 F.3d 763, 771–72, 775, 777–79 (7th Cir. 2008). Laird has not alleged any facts regarding the conditions of his detention or that he was subjected to any risk of serious harm. Accordingly, he has not alleged facts to support this claim and Count 3 will be dismissed.

**Count 4**

Laird claims that his arrest and detention without probable cause constituted malicious prosecution. There is no free-standing federal constitutional claim for "malicious prosecution." *Manuel II*, 903 F.3d at 670. "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause." *Serino* v. *Hensley*, 735 F.3d 588, 593 (7th Cir. 2013). As such, Count 4 will be dismissed.

**Counts 5 and 6**

Laird seeks to hold the municipalities that employed the individual defendants named in his Complaint responsible for their employees' alleged unconstitutional acts. There is, however, no *respondeat superior* liability under section 1983. *Daniel* v. *Cook Cty.*, 833 F.3d 728, 733 (7th Cir. 2016); *Montano* v. *City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008). To state a claim against a municipality or local governmental entity under section 1983, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality or local governmental entity. *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 690–91

(1978); *Thomas* v. *Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). Laird points to no policy, custom, or practice that served as the driving force behind the alleged constitutional deprivations. *Dixon* v. *Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (holding plaintiff must demonstrate that the defendants' official policy, widespread custom, or action by an official with policy-making authority was the moving force behind his constitutional injury). Accordingly, the claims in Counts 5 and 6 against the Municipality of Olney, Illinois and the Municipality of Richland County, Illinois will be dismissed.

## Count 7

Laird alleges the State's Attorney charged him with violation of an order of protection without probable cause and violated his right to a speedy trial. "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi* v. *McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp* v. *Goldstein*, 555 U.S. 335, 341–43, 129 S.Ct. 855 (2009); *Burns* v. *Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934 (1991); *Imbler* v. *Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984 (1976)). Whether an individual "is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of the plaintiffs' claims" because a "prosecutor only enjoys absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Id.* at 318 (quoting *Imbler*, 424 U.S. at 420).

Here, the allegations related to conduct during the judicial phase of the criminal process and the State's Attorneys would be entitled to absolute immunity. Accordingly, the claims in Count 7 against Doe and Vaughn will be dismissed. Although the current claim does not indicate any exception to prosecutorial immunity, out of an abundance of caution, the dismissal

7

will be without prejudice.

**Count 8**

Plaintiff contends his public defender failed to provide him adequate and effective assistance of counsel on the charge of violation of an order of protection. Defense attorneys, even those appointed by the court, are not considered state actors or federal official for purposes of a claim under section 1983. *Polk Cty.* v. *Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also, e.g.*, *Turner* v. *Godinez*, 693 F.App'x. 449, 454 (7th Cir. 2017) ("The public defenders were not acting under color of state law and thus cannot be sued under § 1983."). Accordingly, the claim in Count 8 against Lane will be dismissed with prejudice.

**Count 9**

Laird alleges that Shaw filed a parole violation report that contained falsehoods and misleading statements that the Prisoner Review Board relied on to revoke his parole. He contends Shaw's actions caused the revocation of his parole, his incarceration, and denial of his liberty without due process. His claim puts the lawfulness of his confinement at issue and is, therefore, barred under *Heck* v. *Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). *Heck* prohibits a litigant from bringing a damages claim under section 1983 that would necessarily invalidate a conviction or sentence, unless the conviction or sentence had been previously set aside in another proceeding. *Id.* at 486–87. *Heck* applies to challenges to revocation of parole. *See Henderson v. Baldwin*, No. 18-cv-1032-NJR, 2018 WL 3489596, at *2 (S.D. Ill. July 19, 2018); *see also, e.g.*, *Hadley v. Quinn*, 524 F. App'x 290, 293–94 (7th Cir. 2013) (*Heck* applied to complaint that parole board improperly revoked plaintiff's parole).

Laird does not allege that the revocation of his parole has been reversed on direct appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  As a result, Laird's claim is not cognizable because any award of damages or declaratory relief would seriously call into question the as yet undisturbed validity of the parole board's action.  Accordingly, Count 9 will be dismissed.

## Request for Injunctive Relief

In his request for relief in the Complaint, Laird seeks a preliminary and permanent injunction ordering Defendants "to cease their harassment and threats" and "to prohibit future retaliatory actions" toward Laird for the filing of this lawsuit.  (Doc. 1, p. 29).  Laird did not file a separate motion under Federal Rule of Civil Procedure 65(a) in support of the request, however, and he did not set forth the reasons he is entitled to preliminary injunctive relief in the Complaint.  Further, he has not described any harassment, threats, or retaliatory actions by Defendants.  If Laird wishes to pursue the request, he must file a separate motion for preliminary injunction by **December 5, 2019**.  Failure to do so will result in denial of the request without prejudice.  Laird may only pursue this request against the defendants that have not been dismissed.  Further, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows* v. *Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose* v. *Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").  If Laird files a motion, the defendants shall file a response within fourteen days of service.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 will proceed against Elliot, Pflaum, and Peavler. Counts 2, 3, 5, 6, and 7 are **DISMISSED without prejudice**. Counts 4, 8, and 9 are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Bloomer, Sakowicz, McCormick, Municipality of Olney, Municipality of Richland County, Doe, and Vaughn are **DISMISSED without prejudice** and Lane and Shaw are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** those Defendants as parties in the Case Management/Electronic Case Filing system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants Elliot, Pflaum, and Peavler: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Laird. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Laird, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Laird, and the judgment includes the payment of costs under Section 1915, Laird will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that Laird's Motion for Status Hearing (Doc. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Administrative Order No. 252 of the United States District Court for the Southern District of Illinois, this case is **REASSIGNED** to **U.S. DISTRICT JUDGE STACI M. YANDLE**.

Finally, Laird is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2019**

_____
**Joan H. Lefkow**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take 90 days or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.