IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER T. LAIRD, #K99985, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:19-cv-00716-SMY |
| vs. | ) ) |
| SETH ELLIOTT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher T. Laird, formerly an inmate of the Illinois Department of Corrections,[1] filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to an arrest, detention, and prosecution on a criminal charge in Illinois state court. This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Preliminary Matter

In the First Amended Complaint (Doc. 43), Plaintiff seeks to add claims and defendants based on the allegations in the original Complaint regarding his arrest on May 7, 2018 for violation of an order of protection and his detention and prosecution on a criminal charge that followed in

---

[1] Plaintiff was incarcerated at Pinckneyville Correctional Center at the time this action was filed. (Doc. 1).

Illinois state court.  Plaintiff also seeks to add claims related to an arrest on November 21, 2017 for aggravated fleeing or attempting to elude a police officer and leaving the scene of an accident. Therefore, as a preliminary matter, the Court must determine whether the claims are improperly joined and subject to severance or dismissal.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all.  *George*, 507 F.3d at 607. Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The claims asserted regarding the November 21, 2017 and May 7, 2018 arrests, detentions, and prosecutions are unrelated, include different defendants and involve separate transactions or occurrences.  The only potential common defendant is Assistant State's Attorney Cole Shaner, but as explained below, Plaintiff fails to state a claim against Shaner related to the May 7, 2018 arrest, detention, and prosecution.  Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will exercise its discretion and dismiss the claims asserted in the First Amended Complaint related to the November 21, 2017 arrest, detention, and prosecution and will dismiss Defendants Kevin McCormick, Timothy Moore, Drew Bunting, and Missy Nuttall, who are named as Defendants for those claims.  Additionally, Defendant Shaner will be dismissed on those claims.

As a result, the First Amended Complaint will be reviewed under 28 U.S.C. § 1915A on the claims related to the May 7, 2018 arrest, detention, and prosecution only.

## The First Amended Complaint

The following facts and allegations are taken from the First Amended Complaint and the exhibits attached thereto (Doc. 43):[2] On May 7, 2018 at approximately 3:26 p.m., the Olney Police Department received a report that Plaintiff violated an order of protection at 224 S. East St., Olney, Illinois. When Officers Elliott and Pflaum responded to the call, D. Woods and T. Woods reported that Plaintiff had just been by their residence and they were in fear for their safety. D. Woods reported that Plaintiff had been walking past their residence recently on a regular basis. He advised that Plaintiff knows that D. Woods and T. Woods live at that residence with their sons and that he is supposed to stay 500 feet away from them. D. Woods reported that he had told Plaintiff to leave and Plaintiff had threatened him and his family. On that day, D. Woods saw Plaintiff approaching the residence and went inside to get away from him. He saw Plaintiff walk by the house on the sidewalk in an intimidating manner.

Officer Elliott confirmed the existence of an active order of protection protecting D. Woods and T. Woods from Plaintiff and was also advised that Plaintiff had a valid Illinois Department of Corrections parole violation warrant for weapons offenses. D. Woods told the officers the direction Plaintiff was headed when he left and that there was a residence around the corner that Plaintiff frequents. D. Woods also reported that Plaintiff was wearing a black hat, red shirt, and

---

[2] Plaintiff refers to and relies on a number of documents attached to the First Amended Complaint, including the police reports and order of protection. Under Federal Rule of Civil Procedure 10(c), "written instruments" attached to a pleading become part of that pleading for all purposes. At times, the documents contradict the allegations in the First Amended Complaint. Where appropriate, inconsistencies are resolved by the documents. *See Northern Ind. Gun & Outdoor Show, Inc. v. City of South Bend,* 163 F.3d 449, 454 (7th Cir. 1998) (when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations); *see also, Thompson v. Illinois Dep't of Professional Reg.,* 300 F.3d 750, 754 (7th Cir. 2002) (if a plaintiff attaches a document to his complaint and relies upon that document to form the basis of a claim, dismissal is appropriate if the document negates the claim).

black shoes.

Officers Elliot, Pflaum, and Peavler searched the area for Plaintiff. While conducting their search, Officer Elliott contacted State's Attorney Vaughn for advice as to whether to enter a residence to search for Plaintiff. Vaughn advised officers to enter the residence. After the tenants were advised of Vaughn's statement, the officers were permitted to search the premises. Plaintiff was not present.

Later that evening, Officers Elliot, Pflaum, and Peavler, attempted to locate Plaintiff at his last known address. Officer Pflaum observed Plaintiff carrying an aluminum baseball bat and an alcoholic beverage. Officers Pflaum and Peavler pointed tasers at Plaintiff while Officer Pflaum ordered Plaintiff to stop, get on his knees, and place his hands on his head. Plaintiff complied and Officer Elliott handcuffed him. Officer Elliot transported Plaintiff to Richland County Sheriff's Office where Plaintiff was charged with violating an order of protection and served with an active IDOC warrant. At the time he was arrested, Plaintiff was wearing a red and white baseball cap, tan work boots, and a red shirt.

On May 14, 2018, Assistant State's Attorney Shaner filed an Information charging Plaintiff with violation of an order of protection. Plaintiff was returned to IDOC custody on June 26, 2018, after 52 days in custody at the Richland County Sheriff's Department.

On October 18 and 23, 2018, Plaintiff placed motions in the institutional mail at Pinckneyville Correctional Center addressed to Circuit Clerk Zachary Holder, including a motion for withdrawal of counsel, a motion for a speedy trial, and a motion for discovery. On October 26, 2018, the criminal charge for the violation of an order of protection was dismissed on October 26, 2018. After the charge was dismissed, Circuit Clerk Holder proceeded to file Plaintiff's motions.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following claims in this *pro se* action:

Count 1: Fourth Amendment claim against Elliot, Pflaum, and Peavler for arresting and detaining Plaintiff on a violation of an order of protection without probable cause, against Shaner for charging Plaintiff with the criminal charge of violation of an order of protection without probable cause, against Vaughn for advising officers to enter premises to search for Plaintiff in an effort to establish probable cause, and against the Municipality of Richland County, Illinois for the alleged unconstitutional acts of its employee(s).

Count 2: Eighth Amendment excessive force claim against Pflaum and Peavler for brandishing a taser during the arrest without any reasonable cause or provocation.

Count 3: Intentional infliction of emotional distress claim against Elliot, Pflaum, Peavler, Shaner, Vaughn and Municipality of Richland County, Illinois for the actions stated in Counts 1 and 2.

Count 4: First and/or Fourteenth Amendment claim against Circuit Clerk Zachary Holder for refusing to file Plaintiff's motions in a prompt and timely fashion.

Count 5: State law claim for violations of the Illinois Constitution (Article 1, Sections 5 and 12) by Circuit Clerk Zachary Holder for refusing to file Plaintiff's motions in a prompt and timely.

Count 6: State law claim for violation of the Illinois Constitution (Article 1, Section 6) by Elliot, Pflaum, Peavler, Shaner, and Vaughn for the actions stated in Count 1.

Count 7: Illinois state law claims against Elliot, Pflaum, Peavler, Shaner, and Vaughn for false arrest and false imprisonment.

The parties and the court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pleaded under *Twombly*. *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)(an action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face.").

## Discussion

### Count 1

Plaintiff alleges his Fourth Amendment rights were violated because Elliot, Pflaum, and Peavler arrested and detained him without probable cause. A claim for false arrest or false imprisonment without probable cause may be brought as an unlawful pretrial detention in violation of the Fourth Amendment. *Lewis* v. *City of Chicago*, 914 F.3d 472, 475 (7th Cir. 2019). Probable cause is an absolute bar to a claim of false arrest or false imprisonment under the Fourth Amendment and 42 U.S.C. § 1983. *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *Abbott v. Sangamon County*, 705 F.3d 706, 713–14 (7th Cir. 2013). "Probable cause exists if at the time of the arrest, the facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Williamson v. Curran*, 714 F.3d 432, 441 (7th Cir. 2013) (internal citations and quotation marks omitted). "The existence of probable cause does not depend on the truth of a complaint of wrongdoing." *Id.*

"A person violates an order of protection of which he has notice when he commits an act prohibited by a court in a valid order of protection." *People v. Priest,* 698 N.E.2d 223, 225 (Ill.App.4th.Dist. 1998). Here, the order of protection provided that Plaintiff not stalk the Woods, that he not contact them in any way, and that he stay at least 500 feet away from the Woods. The allegations in the First Amended Complaint and Plaintiff's exhibits demonstrate that there was probable cause to arrest Plaintiff for violation of an order of protection. Officers Elliott and Pflaum were told by the putative victims that Plaintiff had just been by their residence and they were in fear for their safety, Plaintiff had been walking past their residence recently on a regular basis,

Plaintiff knew the Woods lived at that residence, and Plaintiff had threatened the Woods when they told him to leave.  Officer Elliott confirmed the existence of an active order of protection protecting the Woods from Plaintiff and was also advised that Plaintiff had a valid Illinois Department of Corrections parole violation warrant for weapons offenses. The active parole violation warrant was also a valid reason for Plaintiff's arrest and detention. Additionally, the allegations that Vaughn advised officers to enter premises to search for Plaintiff does not support a constitutional violation.  Because there was probable cause to arrest Plaintiff, Plaintiff's First Amended Complaint fails to state a claim for which relief may be granted as Elliot, Pflaum, Peavler, and Vaughn.

Plaintiff also fails to state a viable claim against Assistant State's Attorney Shaner because "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Serino v. Hensley*, 735 F.3d 588 (7th Cir. 2013).  Moreover, "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process."  *Bianchi* v. *McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp* v. *Goldstein*, 555 U.S. 335, 341–43, 129 S.Ct. 855 (2009); *Burns* v. *Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934 (1991); *Imbler* v. *Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984 (1976)).

Finally, even if an employee of the Municipality of Richland County, Illinois had committed an unconstitutional act, Plaintiff could not state a claim against the County because there is no *respondeat superior* liability under § 1983.  *Daniel* v. *Cook Cty.*, 833 F.3d 728, 733 (7th Cir. 2016); *Montano* v. *City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008).

For the reasons stated, Count 1 will be dismissed for failure to state a claim for relief.

**Count 2**

Plaintiff's allegation that Pflaum and Peavler violated his constitutional rights by brandishing tasers during the arrest without any reasonable cause or provocation fails to state a claim.  Plaintiff does not allege excessive force and the threat of force is insufficient to state a claim.  Accordingly, Count 2 will be dismissed.

### Count 4

Plaintiff alleges Circuit Clerk Zachary Holder violated his constitutional rights by delaying filing his motion for withdrawal of counsel, motion for a speedy trial, and motion for discovery. Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Alston v. DeBruyn*, 13 F.3d 1036, 1040 (7th Cir. 1994).  "[O]nly if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Id*.   Plaintiff suffered no harm as a result of the delay in the filing of his motions – under either the First or Fourteenth Amendments. Accordingly, Count 4 will be dismissed.

### State Law Claims - Counts 3, 5 6, and 7

In addition to his constitutional claims, Plaintiff asserts state law claims and seeks to have the Court exercise its supplemental jurisdiction under 28 U.S.C. § 1367.  Although district courts may exercise supplemental jurisdiction, they are not required to do so. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).  And, the Court may appropriately decline to exercise supplemental jurisdiction when, as here, the Court "has dismissed all claims over which

it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Accordingly, the Court declines to exercise its supplemental jurisdiction as to Plaintiff's state law claims (Counts 3, 5, 6, and 7), and they too will be dismissed without prejudice.[3]

### Disposition

In accordance with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the claims asserted in the First Amended Complaint against Defendants Kevin McCormick, Timothy Moore, Drew Bunting, Missy Nuttall, and Cole Shaner related to the November 21, 2017 arrest, detention, and prosecution are **DISMISSED** without prejudice.  On the remaining claims, the First Amended Complaint does not survive preliminary review under 28 U.S.C. § 1915A, and the claims against Defendants Seth Elliot, Jonathan Pflaum, Blake Peavler, Cole Shaner, Charles Bradley Vaughn, the Municipality of Richland County, Illinois, and Zachary Holder related to the May 7, 2018 arrest, detention, and prosecution are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.[4]  **This dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed.

---

[3] Further, to the extent Plaintiff seeks to bring state law claims for violations of the Illinois Constitution, there is no private right of action or express remedy under the Illinois Constitution for such claims. *Shevlin v. Rauner*, 3:18-cv-02076-NJR, 2019 WL 1002367, at *2 (S.D. Ill. Mar. 1, 2019) (collecting cases).

[4] Leave to amend a Complaint need not be granted when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").  Under the facts of the case, the Court finds that leave to amend would be futile and, therefore, Plaintiff will not be granted leave to file a Second Amended Complaint.

R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff further is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents.

  **IT IS SO ORDERED.**

  **DATED:  October 13, 2020**

                *s/ Staci M. Yandle*
                **STACI M. YANDLE**
                **United States District Judge**